AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of New York

**UNITED STATES OF AMERICA**

**v.**

JAMIE GUILLEN

**Defendant.**

Case No. 5:25-mj-00305 (ML)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of July 21, 2024 in the county of Jefferson in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2252A(a)(2) | Distribution and Receipt of Child Pornography |

This criminal complaint is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.

Cory R Shepard
*Complainant's signature*

Cory Shepard, Task Force Officer
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: September 26, 2025

Miroslav Lovric
*Judge's signature*

City and State: Binghamton, NY

Hon. Miroslav Lovric, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Cory Shepard, being duly sworn, hereby state as follows:

## I. INTRODUCTION

1. I am a Customs and Border Protection Officer (CBPO) with the U.S. Department of Homeland Security (DHS), Customs and Border Protection (CBP), and as such I am empowered by law to investigate and make arrest for offenses enumerated in Title 18, United States Code, Section 2252A.

2. I have been employed as a Task Force Officer (TFO) since November 2020 and I am currently assigned to the Homeland Security Investigation (HSI) Task Force Resident Agent Office in Alexandria Bay, New York. While assigned to HSI, I have been responsible for enforcing customs laws, immigration laws, and federal criminal statutes of the United States. My responsibilities as a TFO with HSI include, but are not limited to, conducting investigations, executing arrest warrants, executing search warrants, collecting evidence, and interviewing witnesses. I have been a TFO for approximately five years and have investigated and/or participated in investigations of child pornography, narcotics, smuggling, and immigration-related cases. My duties include the enforcement of federal criminal statutes involving the sexual exploitation of children, as codified in Title 18, United States Code, Sections 2251 through 2259. I have participated in searches of premises and assisted in gathering evidence by means of a search warrant. I have received training in the area of the importation and distribution of child pornography and have had the opportunity

to observe and review numerous examples of child pornography in many forms, including video and computer media.

3. This affidavit is made in support of an application for a criminal complaint charging Jamie GUILLEN with violating Title 18, United States Code, Section 2252A(a)(2) (distribution and receipt of child pornography) (the "Subject Offense").

4. The statements contained in this affidavit are based upon my investigation and information provided to me by other agents. Because this affidavit is being submitted for the limited purpose of filing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant has committed the Subject Offense.

## II. THE INVESTIGATION AND PROBABLE CAUSE

5. In August and September 2024, a social media messaging application ("Application A") submitted two CyberTipline Reports ("CyberTips") to the National Center for Missing and Exploited Children ("NCMEC"), identifying file upload activity of apparent child pornography by one of its users.

7. In the first CyberTip (the "August CyberTip"), Application A reported that, between July 21 and August 3, 2024, one of its users uploaded 18 videos of apparent child pornography. Application A reviewed the videos before submitting them to NCMEC. I also reviewed them and determined they meet the federal definition of child pornography in 18 U.S.C. § 2256. Application A indicated that the account was associated with an identified username and email address. Two of the videos are described as follows, and they are available for this Court's review upon request:

a. A video with name ending in 13394.mp4, approximately 14 seconds in duration, depicting a nude female child, approximately eight to ten years old, laying on her back with her legs spread. A fully nude adult male is having vaginal sex with the child.

b. A video with name ending in dececa8.mp4, approximately 19 seconds in duration, depicting a female child, approximately 6 to eight years old, who is fully nude and kneeling on the floor. An adult male is standing over the child masturbating until he ejaculates on the child's face.

8. In the second CyberTip (the "September CyberTip"), Application A reported that, between August 3 and August 4, 2024, one of its users uploaded 18 image and video files of apparent child pornography to the user's account. Application A reviewed the files before submitting them to NCMEC. I also reviewed the uploaded video files and determined they meet the federal definition of child pornography in 18 U.S.C. § 2256. Application A indicated that the account was associated with an identified username and email address. The files in this CyberTip appear to be the same files that were included with the "August CyberTip."

9. Application A further reported that the account had utilized identified IP addresses at the date and time of the uploads. In November 2024, HSI received information associating the IP address from the CyberTips to the defendant with a residential address in Carthage, New York.

10. Contained within both CyberTips is a section titled "Suspect." The relevant suspect information was described as follows:

a. Home email address: jaguillen77@yahoo.com

b. Screen/User name: jajaja

c. Display name: Vince Last

d. ESP User ID: jajaja_vfj

11. Subscriber information for the above-identified email account was received in November 2024 and identified the subscriber as the defendant with recovery phone number of XXX-XXX-4127.

12. On July 23, 2025, a New York State Police Trooper conducted a ruse at the residence associated with the IP address discussed above, and the Trooper encountered the defendant who confirmed his telephone number as matching the information from the subscriber record for the email account discussed above.

13. On July 29, 2025, law enforcement agents presented an application for a state search warrant to Jefferson County, New York, County Court Judge Hon. David A. Renzi, seeking authority to search the defendant's residence, person, and any electronic devices discovered therein for evidence of child exploitation and child pornography. Judge Renzi reviewed the application and issued the warrant. On July 30, 2025, New York State Police ("NYSP") and HSI agents (including myself) executed a search warrant.

14. GUILLEN was taken into custody and transported to a NYSP barrack located in Carthage, New York. He was provided a *Miranda* warning, waived them, and spoke with investigators. As relevant this affidavit, he admitted that the email address discussed above was his. He further admitted that he has used Application A and viewed and received child pornography as he was curious about the material. After he was told that a CyberTip showed that child pornography was uploaded to his Application A account, he claimed that when viewing the content he would send it to the moderator of the group.

15. On September 15, 2025, law enforcement agents presented an application for a state search warrant to Jefferson County, New York, County Court Judge Hon. David A. Renzi, seeking authority to search the Application A account for evidence of child exploitation and child pornography. Judge Renzi reviewed the application and issued the warrant. On the same date, NYSP served the warrant on Application A.

16. On September 22, 2025, Application A provided responsive information. I reviewed it and determined that GUILLEN, using the Application A account, had the following conversation with another user on July 21, 2024, the same date as the activity identified in the "August CyberTip." The defendant started the conversation by asking the other user "Any shot I can trade with you?" The other user responded, "Sure" and "Sweet." Further in the conversation, the defendant asked the other user, "Is cp your thing, they send me that with the ones you sent me. Just wanna make sure if you care with whatever I send," and the other user responded "anything." The defendant says "Ok sending now" and sent multiple files that I reviewed and determined meet the definition of child pornography as defined in 18 U.S.C. § 2256. Two of the videos are described as follows—

a. A video with name ending in 13394.mp4, approximately 14 seconds in duration, depicting a nude female child, approximately eight to ten years old, laying on her back with her legs spread. A fully nude adult male is having vaginal sex with the child.

b. A video with name ending in 2374e16b.mp4, approximately 17 seconds in duration, depicting a minor female, approximately eight to ten years old, performing oral sex on an adult male.

17. In a separate conversation that also took place on July 21, 2024, the defendant communicated with another user. During that conversation, the defendant asked

the other user "Ima make you admin. Is it possible for you to send me the earlier content. Cp young beast. Trying to trade with this guy." The other user responded, "Sure I'll try." Right after this, the other user sent multiple files of pornography, some of which meet the definition of child pornography as defined in 18 U.S.C. § 2256. Two of the videos are described as follows—

a. A video with name ending in cdd5fb.mp4, approximately 29 seconds in duration, depicting a completely nude minor female, approximately eight to ten years old, the minor child digitally penetrates her vagina.

b. A video with name ending in dddaa0b.mp4, approximately 1 minute and 32 seconds in duration, depicting a minor child with her breast and vagina exposed, approximately 12 years old. In the video the minor child penetrates her anus and vagina with what appears to be a pen.

18. During the forensic examination of the phone that was seized from GUILLEN's person, it was determined that it had Application A installed and the account associated with the CyberTip was logged in. The device also was associated to the above-described email account.

**III. CONCLUSION**

19. Based on the above information, there is probable cause to believe that Jamie

GUILLEN has committed the subject offense.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Cory R Shepard
Cory Shepard, Task Force Officer
Homeland Security Investigations

I, the Honorable Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by video conference on September 26, 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Miroslav Lovric
Hon. Miroslav Lovric
United States Magistrate Judge