UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JAMIE GUILLEN,

Defendant.

Docket No. 26-cr-226 (AJB)

**Motion to Dismiss the Indictment, Disqualify Mr. Sarcone, Void his Actions, and Compel Discovery**

John A. Sarcone III has been unlawfully exercising the functions and duties of the U.S. Attorney since at least July 14, 2025.[1] During that time, Jamie Guillen has been charged with committing federal offenses and been denied offers to favorably resolve the prosecution, all as a direct result of Mr. Sarcone's unlawful involvement in this case. To remedy Mr. Sarcone's unlawful conduct, Mr. Guillen seeks the following relief:

1. An order dismissing the indictment with prejudice because Mr. Sarcone has been (a) unlawfully serving as a *de facto* U.S. Attorney for the Northern District of New York throughout the prosecution of Mr. Guillen, and (b) personally, unlawfully, and prejudicially exercising the powers of the U.S. Attorney in this case;

2. If this Court declines to dismiss the indictment with prejudice, Mr. Guillen seeks an order (a) disqualifying Mr. Sarcone from any future involvement in investigating, prosecuting, or supervising this case, and (b) voiding any prior action

[1] The background facts and arguments presented herein, with the addition of the vindictive prosecution claim, closely track those presented in a substantially similar motion to dismiss the indictment and disqualify Mr. Sarcone filed by this office in *United States v. Ziair Dunlap*, 25-cr-302, which was reassigned to Senior District Judge Lorna G. Schofield and remains pending.

he committed, supervised, or authorized under any title – including as Acting United States Attorney, Special Attorney, or First Assistant United States Attorney – in the investigation, initiation, or prosecution of this case. The voiding order should include dismissing the indictment without prejudice, voiding all prior charging decisions and rejected negotiations, and requiring an independent and untainted process to consider whether and how to federally charge Mr. Guillen and, if charged, to negotiate a favorable resolution of this case;

3. As an alternative to dismissal, Mr. Guillen seeks an order compelling discovery of Mr. Sarcone's involvement in the decisions to charge him and deny negotiations; and

4. Any other relief that may be just and proper under the law.

## Background

### A. Mr. Sarcone unlawfully assumes the role of Acting U.S. Attorney.

Carla Freedman was the last person the United States Senate confirmed as the U.S. Attorney for the Northern District of New York. She resigned from that position on February 17, 2025.[2] Upon her resignation, Daniel Hanlon, who had been serving as First Assistant U.S. Attorney, began serving as the Acting U.S. Attorney.[3]

[2] *See Carla B. Freedman is Sworn in as United States Attorney for the Northern District of New York*, U.S. Dep't of Justice (Oct. 8, 2021), https://www.justice.gov/usao-ndny/pr/carla-b-freedman-sworn-united-states-attorney-northern-district-new-york.

[3] *See Archives: Acting U.S. Attorney Daniel Hanlon*, U.S. Dep't of Justice (Mar. 17, 2025), https://www.justice.gov/archives/usao-ndny/daniel-hanlon.

On March 4, 2025,[4] the Attorney General appointed Mr. Sarcone, a then-private citizen with no prosecutorial experience, Interim U.S. Attorney for 120 days under 28 U.S.C. § 546,[5] and he began serving on March 17, 2025.[6] Upon information and belief, the President has never nominated Mr. Sarcone.

On July 14, 2025, shortly before Mr. Sarcone's 120-day term under Section 546 was set to expire, this Court announced that it had declined to appoint an Interim U.S. Attorney under its Section 546(d) authority.[7]

---

[4] *See Attorney General Pamela Bondi Appoints John A. Sarcone III as U.S. Attorney*, U.S. Dep't of Justice (Mar. 4, 2025), https://www.justice.gov/usao-ndny/pr/attorney-general-pamela-bondi-appoints-john-sarcone-iii-us-attorney.

[5] 28 U.S.C. § 546 provides:

> (a) Except as provided in subsection (b), the Attorney General may appoint a United States attorney for the district in which the office of United States attorney is vacant.
> (b) The Attorney General shall not appoint as United States attorney a person to whose appointment by the President to that office the Senate refused to give advice and consent.
> (c) A person appointed as United States attorney under this section may serve until the earlier of—
> > (1) the qualification of a United States attorney for such district appointed by the President under section 541 of this title; or
> > (2) the expiration of 120 days after appointment by the Attorney General under this section.
>
> (d) If an appointment expires under subsection (c)(2), the district court for such district may appoint a United States attorney to serve until the vacancy is filled. The order of appointment by the court shall be filed with the clerk of the court.

[6] *See John A. Sarcone III's Remarks Upon his Swearing-In as United States Attorney*, U.S. Dep't of Justice (Mar. 17, 2025), https://www.justice.gov/usao-ndny/pr/john-sarcone-iiis-remarks-upon-his-swearing-united-states-attorney.

[7] *See Announcements: United States Attorney for the Northern District of New York* (N.D.N.Y. July 14, 2025), https://www.nynd.uscourts.gov/news/united-states-attorney-northern-district-new-york.

That same day, July 14, 2025, Mr. Sarcone was appointed Special Attorney to the United States Attorney General,[8] pursuant to 28 U.S.C. § 515.[9] In a letter Mr. Sarcone sent to Chief Judge Brenda K. Sannes, he attached the correspondence appointing him Special Attorney.[10] He further claimed to have been designated the First Assistant U.S. Attorney for the Northern District of New York.[11] Mr. Sarcone asserted that "by operation of law under the Vacancies Reform Act, I am now serving as Acting United States Attorney for the Northern District of New York indefinitely."[12]

---

[8] *See* Letter from Jewel Campos to John A. Sarcone III (July 14, 2025), https://www.nynd.uscourts.gov/sites/nynd/files/Letter%20from%20Mr%20Sarcone.pdf. The letter, signed by Jewel Campos, an Assistant Director of the Human Resources Staff (and not the Attorney General), purports to authorize Mr. Sarcone "to conduct in the Northern District of New York, any kind of legal proceedings, civil or criminal, including Grand Jury proceedings and proceedings before United States Magistrates, which United States Attorneys are authorized to conduct."

[9] 28 U.S.C. § 515 provides:

> (a) The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.
> (b) Each attorney specially retained under authority of the Department of Justice shall be commissioned as special assistant to the Attorney General or special attorney, and shall take the oath required by law. Foreign counsel employed in special cases are not required to take the oath. The Attorney General shall fix the annual salary of a special assistant or special attorney.

[10] *See* Letter from John A. Sarcone III to Chief Judge Sannes (July 14, 2025), https://www.nynd.uscourts.gov/sites/nynd/files/Letter%20from%20Mr%20Sarcone.pdf.

[11] *Id.* Though not attached to that letter, a separate document, signed by the General Counsel to the Executive Office for United States Attorneys on July 14, 2025, designates Mr. Sarcone First Assistant U.S. Attorney for a period of one year. *See NYOAG Subpoenas*, 25-cr-19 (N.D.N.Y.), Dkt. No. 46 at 400.

[12] Letter from John A. Sarcone III to Chief Judge Sannes (July 14, 2025). On October 8, 2025, Attorney General Pamela Bondi signed an order seeking to "ratify Mr. Sarcone's appointment as Special Attorney and designation as First Assistant United States Attorney." *NYOAG Subpoenas*, 25-cr-19 (N.D.N.Y.), Dkt. No. 46, at 405. The order further states that "[a]s First Assistant United States Attorney, Mr. Sarcone has authority to serve as Acting United States Attorney during the

### B. Mr. Guillen is charged with federal offenses while Mr. Sarcone is unlawfully serving as Acting U.S. Attorney.

Mr. Sarcone purported to assume the role of Acting U.S. Attorney on July 14, 2025. Two months later, on September 26, 2025, a criminal complaint signed and attested to by a Task Force Office with the Office of Homeland Security charged Mr. Guillen with distribution and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Mr. Guillen was arrested and made his initial appearance on September 29, 2025. Following a detention hearing, Mr. Guillen was released to pretrial supervision on October 2, 2025. He has remained in compliance with the conditions of his release.

### C. Mr. Sarcone is disqualified from exercising the functions and duties of U.S. Attorney.

On January 8, 2026, Judge Lorna Schofield, sitting by designation in this Court, held that "Mr. Sarcone is not lawfully serving as Acting U.S. Attorney."[13] The government had argued that Mr. Sarcone was lawfully serving as Acting U.S. Attorney for two reasons. First, the Attorney General designated him First Assistant U.S. Attorney, which, because there was no U.S. Attorney, the government argued, made him Acting U.S. Attorney under 5 U.S.C. § 3345(a)[14] of the Federal Vacancies

---

vacancy in that office, subject to the conditions and time limitations of the Federal Vacancies Reform Act of 1998, 5 U.S.C. §§ 3345-3349d." *Id.*

[13] *In Re Grand Jury Subpoenas to the Office of the New York Attorney General*, 814 F.Supp.3d 284, 298 (N.D.N.Y. Jan. 8, 2026) ("NYOAG Subpoenas"), *appeal docketed*, No. 26-156 (2d Cir.).

[14] As relevant here, 5 U.S.C § 3345 provides:

> (a) If an officer of an Executive agency (including the Executive Office of the President, and other than the Government Accountability Office) whose appointment to office is required to be made by the President, by and with the advice and consent of the Senate, dies, resigns, or is otherwise unable to perform the functions and duties of the office—

Reform Act (FVRA). Second, the government contended that Mr. Sarcone's designation as Special Attorney vested him with the functions and duties of a U.S. Attorney.

This Court rejected both arguments. First, the FVRA only permits an attorney to assume the role of Acting U.S. Attorney when that attorney is serving as First Assistant U.S. Attorney at the time the U.S. Attorney vacancy arises. Because Mr. Sarcone had no role in the U.S. Attorney's Office at the time of Carla Freedman's retirement, the FVRA could not possibly authorize his appointment. Second, the Attorney General could not use general delegation statutes (28 U.S.C. §§ 509, 510, 515)[15] "to vest the authority of the U.S. Attorney for the NDNY in Mr. Sarcone:"

> The FVRA states that 'Sections 3345 and 3346 are the exclusive means for temporarily authorizing an acting official to perform the functions and duties of any office of an Executive agency, unless' another statutory provision authorizes otherwise, or a recess appointment is made. 5 U.S.C. § 3347(a); *accord NLRB v. Newark Elec. Corp.*, 14 F.4th 152, 160-61 (2d Cir. 2021). The statute also states that general delegation statutes do not qualify as exceptions to the FVRA's exclusive procedures.

---

> (1) the first assistant to the office of such officer shall perform the functions and duties of the office temporarily in an acting capacity subject to the time limitations of section 3346.

[15] 28 U.S.C. § 509 provides:

> All functions of other officers of the Department of Justice and all functions of agencies and employees of the Department of Justice are vested in the Attorney General except the functions—
>
> (1) vested by subchapter II of chapter 5 of title 5 in administrative law judges employed by the Department of Justice;
>
> (2) of the Federal Prison Industries, Inc.; and
>
> (3) of the Board of Directors and officers of the Federal Prison Industries, Inc.

28 U.S.C. § 510 provides:

> The Attorney General may from time to time make such provisions as he considers appropriate authorizing the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General.

> 5 U.S.C. § 3347(b). Congress added this provision specifically to prevent agencies from using general delegation authority to bypass the FVRA.[16]

Moreover, even if the Attorney General could delegate nonexclusive duties, the actual delegation here "draws [no] distinction between his performing exclusive and nonexclusive duties."[17] The Attorney General's purported delegation, therefore, constituted an impermissible "attempt to use general delegation to create an Acting U.S. Attorney outside the FVRA's statutory framework."[18]

As a consequence, this Court held that "[a]ny of his past or future acts taken in that capacity are void or voidable as they would rest on authority Mr. Sarcone does not lawfully have."[19] Moreover, Mr. Sarcone was disqualified from "any further involvement in prosecuting or supervising the criminal investigations."[20] These same (or very similar) appointments ploys in other districts have been consistently invalidated.[21]

**D. As First Assistant U.S. Attorney, Mr. Sarcone purports to have vested in him the authority to exercise the full functions and duties of the U.S. Attorney after the President fires this Court's appointed Interim U.S Attorney.**

---

[16] *NYOAG Subpoenas*, 814 F.Supp.3d at 297-98 (cleaned up).

[17] *Id*. at 298.

[18] *Id*.

[19] *Id*.

[20] *Id*. at 300.

[21] *See United States v. Giraud*, 795 F. Supp. 3d 560 (D.N.J. 2025), *aff'd,* 160 F.4th 390 (3d Cir. 2025); *United States v. Garcia*, No. 25 Cr. 230, 2025 WL 2784640 (D. Nev. Sept. 30, 2025), *appeal docketed,* No. 25-6468 (9th Cir. Oct. 14, 2025); *United States v. Ramirez,* 807 F.Supp.3d 1086 (C.D. Cal. 2025); *United States v. Comey*, 810 F.Supp.3d 768 (E.D. Va. 2025); *United States v. James*, 810 F.Supp.3d 752 (E.D. Va. 2025).

On February 11, 2026, 211 days after Mr. Sarcone declared himself Acting U.S. Attorney, the Board of Judges for the Northern District of New York appointed Donald Kinsella to serve as Interim U.S. Attorney under 28 U.S.C. § 546(d). The President fired Mr. Kinsella the next day.[22]

Since then, Mr. Sarcone has referred to himself as First Assistant U.S. Attorney for the Northern District of New York.[23] A section of the United States Attorney's Office website entitled "Meet the U.S. Attorney" directs the reader to a profile of Mr. Sarcone.[24] The profile claims that "[a]s First Assistant U.S. Attorney, Mr. Sarcone is the chief federal law enforcement officer responsible for all federal criminal prosecutions and civil litigation involving the United States in the Northern District of New York, an area covering 32 counties."[25]

### E. Mr. Sarcone denies Mr. Guillen's initial offers to favorably resolve the case and terminates further negotiations after his authority is challenged.

Mr. Guillen made several attempts to favorably resolve this case throughout the first half of 2026.[26] These attempts were first made by Assistant Federal Public Defender Randi Bianco while Mr. Sarcone purported to carry out the functions and

[22] Todd Blanche (@DAGToddBlanche) (Feb. 11, 2026, 9:46 p.m.), X, https://x.com/DAGToddBlanche/status/2021777972215062787 ("Judges don't pick U.S. Attorneys, @POTUS does. See Article II of our Constitution. You are fired, Donald Kinsella.").

[23] *See* https://www.justice.gov/usao-ndny.

[24] *Id.*

[25] *See* https://www.justice.gov/usao-ndny/staff-profile/us-attorney.

[26] *See* Attorney Declaration ⁋ 7.

duties of the U.S. Attorney, first as Acting and then as First Assistant U.S. Attorney. Each time, Ms. Bianco was informed that the U.S. Attorney's Office had rejected Mr. Guillen's offers.[27] Federal Public Defender Eric K. Schillinger then negotiated directly with Mr. Sarcone, who was holding himself out as First Assistant U.S. Attorney (a position sometimes referred to as FAUSA).[28] While those negotiations continued, this office filed a motion in a separate case on June 5, 2026, to dismiss the indictment and disqualify Mr. Sarcone. Several days later, on June 9, 2026, the Federal Public Defender's Office was informed that "FAUSA Sarcone respectfully declines to agree to the proposed [resolution of this case]."[29]

### F. The U.S. Attorney's Office seeks an indictment charging Mr. Guillen with seven counts of violating 18 U.S.C. § 2252A(a)(2).

On July 2, 2026, a federal grand jury returned an indictment charging Mr. Guillen with seven counts of distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Mr. Sarcone's name appears in the signature block as First Assistant U.S. Attorney. The indictment is signed by an Assistant U.S. Attorney.

## Argument

This Court has already disqualified Mr. Sarcone from exercising the functions and duties of the U.S. Attorney unless nominated by the President and confirmed by the Senate.[30] Neither condition has been satisfied. Yet Mr. Sarcone continues to hold

[27] *Id.*

[28] *Id.* at ⁋ 8.

[29] *Id.* at ⁋ 10.

[30] *NYOAG Subpoenas*, 814 F.Supp.3d at 298 (N.D.N.Y. Jan. 8, 2026).

himself out as the "chief federal law enforcement officer" in the Northern District of New York and to exercise the functions and duties of a *de facto* U.S. Attorney, first with the title of Acting U.S. Attorney and more recently with the title of First Assistant U.S. Attorney. Therefore, this Court should grant the following relief.

**A. This Court should dismiss the indictment with prejudice.**

Mr. Sarcone has overseen and directed the prosecution of Mr. Guillen. While in the role of Acting U.S. Attorney, Mr. Guillen was charged in a criminal complaint with a federal offense. Mr. Sarcone's unlawful involvement in the case continued when he reviewed and denied Mr. Guillen's offers for a favorable resolution. After Mr. Sarcone's authority was challenged in a separate case, he terminated negotiations and directed his office to seek a seven-count indictment against Mr. Guillen. While Mr. Sarcone may not have signed the indictment in this case, his actions in this case indicate that he is personally making the ultimate charging decisions for the U.S. Attorney's Office and that all negotiations must be reviewed and approved by him.

The typical remedy for "*ultra vires* action" is to restore the affected party to the position he occupied just before the unlawful action.[31] And where the "exercise of prosecutorial power has not been authorized by law" there is "no way forward aside from dismissal" of the indictment.[32] The indictment in this case was based on an investigation that was conducted and overseen during a period when Mr. Sarcone

---

[31] *See United States v. Stein*, 541 F.3d 130, 146 (2d Cir. 2008) ("The appropriate remedy for a constitutional violation is 'one that as much as possible restores the defendant to the circumstances that would have existed had there been no constitutional error.'") (citation omitted).

[32] *See United States v. Trump*, 740 F.Supp.3d 1245, 1302-03 (S.D. Fla. 2024) (dismissing indictment brought by special attorney whose appointment violated the Appointments Clause).

unlawfully served as Acting and First Assistant U.S. Attorney. Moreover, the decision to seek an indictment was personally made by Mr. Sarcone, who still purports to exercise the functions and duties of the U.S. Attorney as the First Assistant.

Dismissing the indictment without prejudice would not cure his unlawful actions. Nor would it restore Mr. Guillen to the position he occupied prior to indictment, as Mr. Sarcone still purports to serve as *de facto* U.S. Attorney. The decisions to seek an indictment and the selection of charges to file would still be made by Mr. Sarcone. And any negotiations would still be overseen by him. Even if Mr. Sarcone were ordered to have no involvement in this case, the taint of his prior involvement would still cloud any future charging and negotiation decisions so long as he remains in the U.S. Attorney's Office. His subordinates would not be free to make an independent decision as to the filing of any charges and the resolution of any subsequent negotiations. This is a problem of the administration's own making. It has been on notice since at least early January that Mr. Sarcone could not constitutionally act as a *de facto* U.S. Attorney. Yet, he has continued to do so.

This Court should also dismiss the indictment with prejudice based on outrageous government conduct. "To prevail on such a claim, however, a defendant must show that the government's conduct is 'so outrageous that common notions of fairness and decency would be offended were judicial processes invoked to obtain a conviction.'"[33] While Mr. Sarcone did not sign the indictment in this case, his

[33] *United States v. Bout*, 731 F.3d 233, 238 (2d Cir. 2013).

proverbial fingerprints are all over it. He directed his office to seek an indictment and selected the charges to file. Those decisions were made by a private citizen who was not lawfully appointed any relevant position. And Mr. Sarcone exercised unlawful authority in this case (and scores more) even after a court disqualified him and ordered his actions void and voidable. What is more, the then-Attorney General, Pamela Bondi, who, herself, did not initially appoint Mr. Sarcone Special Attorney or designate him First Assistant U.S. Attorney, sought to ratify these actions on October 8, 2025, after two district court decisions (*Giraud* and *Garcia*) had already rejected the administration's appointments ploy. Moreover, the administration's actions were undertaken with the express intention of circumventing statutory and constitutional safeguards. Dismissing the indictment without prejudice would only encourage additional violations. Dismissal with prejudice is the only remedy that can cure this outrageous intransigence.

Dismissal with prejudice is also necessary to remedy the vindictive prosecution. Mr. Guillen was originally charged in a criminal complaint with a single violation of 18 U.S.C. § 2252A(a)(2).[34] As the parties continued to negotiate, this office filed a motion in a separate case seeking to dismiss the indictment and disqualify Mr. Sarcone.[35] Several days later, Mr. Sarcone terminated negotiations. And the government has obtained an indictment charging Mr. Guillen with seven counts of distributing child pornography.

---

[34] *See* Dkt. No. 1 at 1.

[35] *See United States v. Ziair Dunlap*, 25-cr-302, Dkt. No. 38.

A vindictive motive for a prosecution "will be found where there is direct evidence of actual vindictiveness, or a rebuttable presumption of a vindictive motive may arise under certain circumstances."[36] Mr. Sarcone's actions create a presumption of vindictive motive and constitute direct evidence of vindictiveness. Although Mr. Guillen was originally prosecuted for committing a single violation of 18 U.S.C. § 2252A(a)(2), Mr. Sarcone terminated negotiations and directed his subordinates to obtain a seven-count indictment solely because this office challenged his authority in a separate case. "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort."[37] That is exactly what Mr. Sarcone did.

To be sure, courts have typically declined to apply a presumption of vindictiveness in the pretrial context where the government obtains additional charges after a defendant's rejection of a plea bargain.[38] But here, Mr. Sarcone terminated all negotiations and directed the filing of additional charges, not because Mr. Guillien rejected a plea offer, but because this office challenged Mr. Sarcone's authority.

---

[36] *United States v. White*, 972 F.2d 16, 19 (2d Cir. 1992).

[37] *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).

[38] *See, e.g.*, *White*, 972 F.2d at 19; *United States v. Stanley*, 928 F.2d 575, 578-7 (2d Cir. 1991); *United States v. Hinton*, 703 F.2d 672, 678 (1983). A defendant can still advance a vindictive prosecution claim upon a showing of direct evidence of vindictiveness. To the extent Mr. Guillen can not take advantage of the presumption of vindictiveness, this Court should still find that Mr. Sarcone's actions constitute direct evidence of vindictive prosecution.

That Mr. Sarcone now purports to exercise the functions and duties of the U.S. Attorney as a First Assistant U.S. Attorney, instead of as an Acting U.S. Attorney, makes no difference. This Court already rejected the Attorney General's attempt to use the delegation statutes to create a *de facto* U.S. Attorney and disqualified Mr. Sarcone from exercising the functions and duties of the U.S. Attorney "regardless of title."[39] Chief Judge Brann, sitting by designation in the District of New Jersey, came to the same conclusion when the Attorney General sought to vest the functions and duties of the U.S. Attorney in three individuals – a Senior Counsel, a Special Attorney, and an Executive Assistant U.S. Attorney.[40] Even if none of the "triumvirate" held the title of Acting U.S. Attorney or was separately vested with the complete authority of a U.S. Attorney, together the three exercised the full functions and duties of a U.S. Attorney in violation of the FVRA and the Appointments Clause of the U.S. Constitution.[41]

[39] *NYOAG Subpoenas*, 814 F.Supp.3d at 299-300.

[40] *United States v. Naviwala*, 825 F.Supp.3d 451 (D.N.J. Mar. 9, 2026).

[41] The Appointments Clause of the Constitution provides:

> [The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United states, whose appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. Const. art. II, § 2, cl. 2.

**B. This Court should continue to disqualify Mr. Sarcone and void his actions in this case.**

Judge Schofield's Opinion and Order is binding on Mr. Sarcone and equally applicable here.[42] Despite this order, Mr. Sarcone has continued to supervise and personally participate in the prosecution of Mr. Guillen. Therefore, should this Court decline to dismiss the indictment with prejudice based on this record, it should still issue an order disqualifying Mr. Sarcone and voiding any and all prior action he committed, supervised, or authorized in this case as *de facto* U.S. Attorney. That would include dismissing without prejudice the indictment that was obtained on July 2, 2026, during the period Mr. Sarcone purported to serve as First Assistant U.S. Attorney. It would also include voiding Mr. Sarcone's review and denial of all negotiations the parties conducted after the criminal complaint was filed. Moreover, Mr. Sarcone should be prohibited from having any future involvement in this case.

Should the Court be inclined to deny the motion to dismiss the indictment (with or without prejudice) at this stage, Mr. Guillen respectfully requests this Court hold the dismissal motion in abeyance and order limited and narrowly tailored discovery directed at the extent of Mr. Sarcone's participation and involvement in, and influence over, the charging and negotiation decisions, so that it can rule on the motion on a more developed record. The requested discovery is necessary to determine

[42] *See United States v. Davante Aandrell Jefferson*, 25-cr-160 (DJN) (E.D. Va. Jan. 6, 2025), Dkt. No. 16 at 1 (holding a similar disqualification of Lindsey Halligan in *United States v. Comey*, 25-cr-272 (MSN) (E.D. Va. Nov. 24, 2025), was binding in future cases in the same district, even though order was under appeal, but no stay had been issued).

the nature and scope of Mr. Sarcone's role in initiating, directing, authorizing, resolving, or otherwise influencing the prosecution of Mr. Guillen.

**Conclusion**

For the foregoing reasons, Jamie Guillen respectfully requests that this Court dismiss the indictment with prejudice. If this Court declines to dismiss the indictment with prejudice, Mr. Sarcone should be disqualified from having any future participation in this case and his prior actions should be voided. This would require dismissing the indictment without prejudice, voiding all prior decisions concerning the resolution of this case, and establishing an independent plenary review of Mr. Guillen's case both before and after any future indictment is sought and obtained to determine the appropriate resolution of this case. To the extent this Court is inclined to deny the motion to dismiss the indictment (with or without prejudice) on this record, it should hold the dismissal motion in abeyance and compel discovery of Mr. Sarcone's involvement in the decisions to charge and deny offers to resolve this case so that it can rule on the motion on a more fully developed record. Finally, this Court should order any other relief that may be just and proper under the law.

Dated: July 24, 2026

ERIC K. SCHILLINGER
Federal Public Defender
Northern District of New York

*/s/*
Randi J. Bianco
Assistant Federal Public Defender